## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5369 | **DATE** | 11/6/2003 |
| **CASE TITLE** | Sampson vs. County of Cook et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant Sheahan's motion (Doc 5-1) to dismiss is granted in its entirety. Plaintiff's complaint is dismissed, without prejudice, in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | NOV 7 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 7 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEDRICK SAMPSON, )
)
Plaintiff, )
)
vs. ) 03 C 5369
)
COUNTY OF COOK, a body politic, and )
MICHAEL SHEAHAN, as Sheriff of Cook )
County, )
)
Defendants. )

DOCKETED NOV - 7 2003

# MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendant Cook County Sheriff Michael Sheahan's ("Sheahan") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted.

## BACKGROUND

Because this is a motion to dismiss, we accept all well plead facts and allegations in the complaint as true and construe all inferences in favor of the Plaintiff. Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002). In October 2001 Plaintiff Sedrick Sampson ("Sampson") was incarcerated at a Cook County Department of Corrections ("CCDOC") facility in Chicago. On October 26, 2001,

Sampson was in his cell and lacerated his left elbow based on an unspecified condition created by another inmate's hammock and a sharp object placed on the floor by a different inmate. Following the injury, Sampson's requests for medical attention were refused for four days despite obvious lacerations to his elbow. By the time Sampson had received treatment on October 30, 2001, the laceration was infected. The laceration and infection resulted in Sampson experiencing pain and suffering, complications, and prolonged disability.

Sampson brings his complaint against two defendants: Sheahan, as the Sheriff of Cook County, and the County itself. However, because Defendant Cook County has not been served process, this opinion will only address Sheahan. Sampson's complaint alleges three counts. Count I alleges common law negligence on the part of Sheahan for failing to inspect and remove dangerous obstructions from Sampson's cell.[1] Counts II and III allege that Sheahan's conduct violated Sampson's rights to procedural due process and right to freedom from cruel and unusual punishment pursuant to 42 U.S.C. § 1983 and the United States Constitution. In his unopposed motion, Sheahan moves to dismiss all three counts.

---

[1] While Sampson fails to provide a jurisdictional basis for this state law claim, we presume it is a supplemental jurisdiction claim, brought pursuant to 28 U.S.C. § 1367.

## LEGAL STANDARD

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989)). A complaint need only specify "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002) (citing Beanstalk Group, Inc. v. AM General Corp., 283 F.3d 856, 863 (7th Cir. 2002)). Dismissal is proper only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). With these principles in mind, we now address the motion before us.

## DISCUSSION

The Prison Litigation Reform Act (codified as amended in scattered sections of 18 & 42 U.S.C.) ("PLRA"), creates a "comprehensive administrative-exhaustion requirement" for prisoners filing incarceration related complaints in federal courts. Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 534 (7th Cir. 1999). Congress enacted the PLRA to "reduce the quantity and improve the quality of prisoner suits [by affording] correction officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter v. Nussle, 534 U.S. 516, 524-

25 (2002). The PLRA applies to Sampson's claims as it "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532. According to the PLRA:

> [n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."
> 42 U.S.C. § 1997e(a).

While the PLRA does not deprive a district court of subject matter jurisdiction, it "requires dismissal of any case in which an available administrative remedy has not been exhausted" by a prisoner plaintiff. Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000). Holding that under the PLRA, the "failure to plead exhaustion of all administrative remedies mandates dismissal of [the] claim without prejudice," the Massey court affirmed the district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) because the prisoner's complaint failed to allege that the plaintiff had exhausted his possible administrative remedies. Id.

As was the case with the Massey plaintiff, Sampson's Complaint contains no allegations that he initiated, let alone exhausted, an administrative remedy with the CCDOC. According to Sheahan, the CCDOC provides for a prisoner grievance procedure where prisoners can file complaints with the CCDOC. Because Sampson

has failed to allege that he exhausted any available administrative remedies, his Complaint must be dismissed, without prejudice, in its entirety pursuant to Massey and the PLRA.

## CONCLUSION

Based on the foregoing analysis, Sheahan's motion to dismiss is granted in its entirety.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: NOV - 6 2003