Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 5369 | DATE | 8/13/2004 |
| CASE TITLE | Sampson vs. County of Cook et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Sampson's complaint against Cook County is dismissed without prejudice. If Sampson does not file an amended complaint by September 15, 2004, the dismissal will become with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 1 3 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 14 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEDRICK SAMPSON,            )
                            )
            Plaintiff,      )
                            )
      vs.                   )         03 C 5369
                            )
COUNTY OF COOK, a body politic; and )
MICHAEL SHEAHAN as Sheriff of Cook  )
County,                     )
                            )
            Defendants.     )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendant County of Cook's ("Cook County") motion to dismiss. For the reasons set forth below, the motion is granted.

### BACKGROUND

Because this is a motion to dismiss, we accept all well pleaded facts and allegations in the complaint as true and construe all inferences in favor of the Plaintiff. Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002). In October 2001, Plaintiff Sedrick Sampson ("Sampson") was incarcerated at a Cook County Department of Corrections ("CCDOC") facility in Chicago. On October 26, 2001, Sampson was in his cell and allegedly lacerated his left elbow based on an

unspecified condition created by another inmate's hammock and a sharp object placed on the floor by a different inmate. Following the injury, Sampson's requests for medical attention were refused for four days despite obvious lacerations to his elbow. By the time Sampson had received treatment on October 30, 2001, the laceration was infected. The laceration and infection resulted in Sampson experiencing pain and suffering, complications, and prolonged disability.

On October 16, 2002, Sampson filed suit in the Circuit Court of Cook County, naming Cook County and Sheriff Michael Sheahan ("Sheahan") as defendants. Neither Sheahan nor Cook County were served in that matter and the case was dismissed for want of prosecution on January 23, 2003. On June 20, 2003, Sampson refiled the case in the Circuit Court of Cook County, naming the same defendants. The complaint alleges negligence and violations of 42 U.S.C. § 1983. When he refiled the complaint, Sampson paid fees to the Cook County Sheriff's Department for service upon both defendants, and summons was issued. While Sheahan was served on July 8, 2003, Cook County would not be served for almost one year.

On August 1, 2003, Sheahan removed the case to this court. On November 6, 2003, we dismissed the complaint against Sheahan, without prejudice, due to Sampson's failure to comply with the exhaustion of remedies requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). See Sampson v.

County of Cook, 2003 WL 22595271 (N.D. Ill. 2003). However, because Cook County had not yet been served, the motion to dismiss was granted only as to Sheahan. As Sheahan's motion to dismiss was pending, the Circuit Court of Cook County dismissed Sampson's re-filed case for want of prosecution on September 24, 2003, but the dismissal was vacated on April 23, 2004. On May 28, 2004, Cook County was finally served with a copy of the present complaint.

Cook County now moves to dismiss the case pursuant to Federal Rules of Civil Procedure 12(b)(4)-(6) for improper service of process and for failure to comply with the PLRA's exhaustion of remedies requirements. Sampson challenges the motion on the ground that this court does not possess jurisdiction over this matter (1) as a result of our ruling on Sheahan's motion to dismiss, and (2) because Cook County never removed the case to federal court. Even though it appears that all parties desire this action to be dismissed from our docket, their particular theories for dismissal would result in different consequences, which we address below.

## DISCUSSION

### 1. Jurisdiction

Sampson first argues that the present motion to dismiss should be denied because this court lacks jurisdiction over his dispute with Cook County.[1] Sampson

---

[1] Oddly, Sampson's theory of lack of jurisdiction would, if correct, merit
(continued...)

claims that since Cook County never removed the case to federal court and Sampson's complaint was reinstated by the Circuit Court of Cook County, Cook County would have to file a new removal notice for this court to assume jurisdiction. This argument is not persuasive. To begin, once a removal petition is filed in federal court, the state court is divested of jurisdiction over the case. Shannon v. Shannon, 965 F.2d 542, 545 (7th Cir. 1992). In a multi-defendant action, if a defendant has not been served at the time of removal, the unserved defendant does not remain subject to the jurisdiction of the state court but instead is given the opportunity to move the federal court to remand once he has been served. See Schmude v. Sheahan, 198 F. Supp. 2d. 964, 968 (N.D. Ill. 2002); Phoenix Container, L.P. ex rel Samarah v. Sokoloff, 83 F. Supp. 2d. 928, 933-34 (N.D. Ill. 2000). For this reason, once Sampson's complaint had been removed, the Circuit Court of Cook County was totally divested of jurisdiction over the action – regardless of whether Cook County had been served – and had no authority to dispose of any aspect of the case. Also, our prior opinion explicitly stated that the dismissal applied only to Sheahan due to lack of service on Cook County, Sampson, 2003 WL 2595271 at *1, further evincing the fact that we at no time divested ourselves of authority over the matter as to Cook County.

---

[1] (...continued)
dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) or (2).

## 2. Service of Process

Cook County argues that Sampson's complaint should be dismissed because of untimely service of process. Sampson refiled his state case on June 20, 2003, yet Cook County was not served until May 28, 2004. Cook County was not served until well over 120 days after the re-filing of the complaint, which would otherwise mandate dismissal without prejudice pursuant to Federal Rule of Civil Procedure 4(m). However, when a state case is removed to federal court, 28 U.S.C. § 1448 allows for the completion of service pursuant to state rules if the process was commenced prior to the removal. Schmude v. Sheahan, 214 F.R.D. 487, 490 (N.D. Ill. 2003) (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1123 (7th Cir. 2001)). Such is the case here, as Sampson commenced service on Cook County by employing the services of the Cook County Sheriff's Department on June 20, 2003 – the day Sampson re-filed the complaint in state court. Regardless of when service was completed, since service was initiated prior to the August 1, 2003, removal, Illinois procedural rules can be utilized in assessing timeliness. Romo at 1122.

Unlike cases filed in federal court, Illinois does not require that service be effectuated within a fixed period of time. Rather, Illinois' more liberal service regime provides that "[i]f the plaintiff fails to exercise reasonable diligence to obtain service on a defendant, the action as to that defendant may be dismissed without

prejudice...." Ill. Sup. Ct. Rule 103(b). In Sampson's case, we do not believe that the delay in serving Cook County was due to any failure on Sampson's part to exercise reasonable diligence. It appears that the fault lies with the Cook County Sheriff's Department, which should have easily been able to serve Cook County within days or weeks after being commissioned to serve the county.[2] Because we find that Sampson did not run afoul of Illinois' service requirements, we will not dismiss the case due to defective service pursuant to Federal Rule of Civil Procedure 12(b)(4) or 12(b)(5).

### 3. Exhaustion of Administrative Remedies Under the PLRA

As we discussed in our earlier opinion dismissing Sampson's complaint against Sheahan, the PLRA creates a "comprehensive administrative-exhaustion requirement" for prisoners filing incarceration related complaints in federal courts. Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 534 (7th Cir. 1999). This requirement mandates dismissal without prejudice for a prisoner's complaint that does not affirmatively plead that the prisoner has exhausted all available administrative remedies. Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000). Relying on Massey, we dismissed Sampson's complaint against Sheahan because it contained no allegations that he had initiated, let alone exhausted, any administrative remedy with

---

[2] The Cook County Sheriff's Department was able to serve Sheriff Sheahan on July 8, 2003 – less than three weeks after Sampson employed its services.

the CCDOC. Sampson, 2003 WL 2295271 at *2. Since that ruling, Sampson has not amended his complaint. Accordingly, we must dismiss the complaint against Cook County because it contains the same PLRA deficiencies as the complaint we dismissed against Sheahan.

## CONCLUSION

Based on the foregoing analysis, Sampson's complaint against Cook County is dismissed without prejudice. If Sampson does not file an amended complaint by September 15, 2004, the dismissal will become with prejudice.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: AUG 1 3 2004